# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RAYMOND CRINER and
RENE HILL,                           )
                                     )
     Plaintiffs,            )
                                     )
     vs.                    )        Case No. 4:08CV958MLM
                                     )
REGINALD WHITE,                      )
                                     )
     Defendant.             )

## MEMORANDUM OPINION

Before the court is the Bill of Costs filed by Defendant Reginald White. Doc. 13. Plaintiff filed a Memorandum in Opposition to Defendant's Bill of Costs. Doc. 14. Defendant filed a Memorandum in Reply. Doc. 15.

On June 6, 2008, in State court, Plaintiffs filed their cause of action seeking damages for personal injuries allegedly sustained in an automobile accident. Defendant removed this matter to federal court on July 1, 2008. Doc. 1. On August 14, 2008, Plaintiffs filed a Motion to Dismiss Case, without prejudice. Doc. 8. Defendant opposed the Motion to Dismiss Case. Doc. 9. By Order dated August 20, 2008, the court granted Plaintiffs' Motion to Dismiss Case. Doc. 12.

In his "Bill of Costs" Defendant seeks removal fees paid to the Clerk, fees for photocopies associated with removal, and attorney's fees, for a total of $2,125.20.

Fed. R. Civ. P. 54(d) provides, in relevant part:

(d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. ... .

28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." <u>Crawford Fitting Co. v.</u>

J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Such costs include, among other things, fees of the clerk and "fees for exemplification and copies of papers necessarily obtained for use in [a] case." §1920(1) and (4). Costs as defined by § 1920 do not include attorney's fees.

In regard to whether there is a prevailing party for purposes of awarding costs when a matter is voluntarily dismissed, the Eighth Circuit held in Sequa Corp. v. Cooper that:

> Though we disagree with the court's conclusion that [the plaintiff's] voluntary dismissal of the action made defendants prevailing parties, we note that Rule 54(d)(1) simply provides that ordinarily costs shall be allowed "as of course" to the prevailing party "unless the court otherwise directs." We do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed. See Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021, 69 F.3d 456, 458 (10th Cir.1995) (en banc) (holding that district courts have the discretion to award costs when a party dismisses an action, with or without prejudice). Here, defendants incurred costs in defending the action before [the plaintiff] took its voluntary dismissal. We are satisfied the district court did not abuse its discretion in allowing defendants to recover their costs.

245 F.3d 1036, 1037-38 (8th Cir. 2001) (per curiam). See also Droste v. Julien, 477 F.3d 1030, 1036 (8th Cir. 2007) (holding that defendant was entitled to costs because defendant incurred costs in defending the action prior to plaintiff's voluntary dismissal; defendant had prevailed on two negligence counts prior to voluntary dismissal).

Sequa's holding that a defendant *may* recover costs despite there being a voluntary dismissal and no prevailing party is limited, however, to situations where the defendant incurred costs in defending the action before the plaintiff voluntarily dismissed the action. See Quick v. EMCO Enterprises, Inc., 2008 WL 1924911, at *3 (S.D. Iowa Apr. 29, 2008) ("[In Sequa] the plaintiff gave notice of dismissal without prejudice, 'after discovery battles and other skirmishes.'").

Further, it is the "well-settled 'American rule' of payment of attorneys' fees in federal litigation that, in the absence of a statute or an enforceable contract, each party is responsible for his or her own fees." Actors' Equity Ass. v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1041 (8th Cir.

1986) (citing <u>Pipeline Service Co. v. Wilderness Society</u>, 241 U.S. 240, 247 (1975)). Courts have established limited exceptions to this rule, however, "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Id.</u> (citing <u>Pipeline Service</u>, 241 U.S. at 258-59) (other citations omitted). The Eighth Circuit has further held that "fee-shifting should occur 'only when extraordinary circumstances or dominating reasons of fairness so demand.'" <u>Id.</u> at 1042 (citation omitted).

First, in the matter under consideration there is no a prevailing party as the matter was voluntarily dismissed. Second, Defendant has not demonstrated that he incurred costs defending this action prior to voluntary dismissal. <u>See</u> <u>Sequa</u>, 245 F.3d at 1037-38; <u>Quick</u>, 2008 WL 1924911, at *3. Indeed, the fee to the clerk upon removal and copying costs related to removal were incurred as a result of Defendant's choice of litigating this matter in federal court. Significantly, Plaintiffs moved to voluntarily dismiss approximately six weeks after removal. Third, there is no statute or contract relevant to an award of attorney's fees in the matter under consideration. <u>See</u> Rule 54(d)(1). Fourth, Defendant has not established that any exception to the American Rule is applicable. <u>See</u> <u>Actors' Equity</u>, 802 F.2d at 1041. As such, the court finds that Defendant is not entitled to either costs or attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that the Bill of Costs filed by Defendant is **DENIED**; Doc. 13

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
Dated this <u>22nd</u> day of September, 2008.    UNITED STATES MAGISTRATE JUDGE